This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40145**

**BARRY GREEN, ESQ., as Personal Representative of the WRONGFUL DEATH ESTATE URAH LEE HODGE, Deceased,**

Plaintiff-Appellee,

v.

**CLOVIS HEALTHCARE AND REHABILITATION CENTER, LLC d/b/a CLOVIS HEALTHCARE AND REHABILITATION CENTER a/k/a CLOVIS HEALTHCARE AND REHABILITATION CENTER LLC and CLOVIS HC AND REHAB CENTER; SUMMIT CARE, LLC; SUMMIT CARE PARENT, LLC; FC-GEN OPERATIONS INVESTMENT, LLC; GEN OPERATIONS I, LLC; GEN OPERATIONS, II, LLC; GENESIS HEALTHCARE, INC.; GENESIS HEALTHCARE LLC; SKILLED HEALTHCARE, LLC; SUN HEALTHCARE GROUP, INC.; SUNDANCE REHABILITATION HOLDCO, INC.; and GENESIS ADMINISTRATIVE SERVICES LLC,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Kathleen McGarry Ellenwood, District Court Judge**

Pitman, Kalkhoff, Sicula & Dentice, SC
Jeffrey A. Pitman
Benjamin E. Reyes
Santa Fe, NM

for Appellee

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Jocelyn Drennan

Denise Chanez
Patrick Coronel
Albuquerque, NM

for Appellants

**DECISION**

**HANISEE, Judge.**

**{1}**     This matter is on appeal from the district court's order denying Defendants' motion to compel arbitration in favor of Plaintiff, the personal representative of the wrongful death estate of Urah Hodge. Defendants argue that the district court erred in denying the motion to compel arbitration on grounds of substantive unconscionability because the court lacked the authority to make threshold arbitrability determinations.

**{2}**     We have carefully reviewed the briefs, applicable law, and arguments made by the parties. We have reviewed the entire record, including the district court's order denying the motion to compel arbitration. This case presents nearly identical underlying claims, arbitration agreements, and arguments as our recently decided case *Green v. Peak Medical Farmington, LLC*, A-1-CA-40157, mem. op. (N.M. Ct. App. July 13, 2023) (nonprecedential).[1] Accordingly, we find that this case may be resolved under the same authority and rationale as *Green*.

**{3}**     "Arbitration agreements are a species of contract, subject to the principles of New Mexico contract law." *L.D. Miller Constr., Inc. v. Kirschenbaum*, 2017-NMCA-030, ¶ 18, 392 P.3d 194. "Contract interpretation is a matter of law that we review de novo." *Rivera v. Am. Gen. Fin. Servs., Inc.*, 2011-NMSC-033, ¶ 27, 150 N.M. 398, 259 P.3d 803.

**{4}**     We conclude that the district court erred in denying the motion to compel under the same precedent, authority, and rationale explained in *Green*. As in *Green*, this case presents an arbitration agreement that evidences a clear and unmistakable intent to arbitrate threshold issues, and the Hodge estate failed to raise a specific challenge to the delegation clause that renders the clause unenforceable. *See Juarez v. THI of N.M. at Sunset Villa, LLC*, 2022-NMCA-056, ¶ 22, 517 P.3d 918 ("Our inquiry, then, turns on two questions: (1) [W]as there a clear and unmistakable agreement to arbitrate arbitrability? and (2) [D]id the challenger mount a 'specific challenge' to that agreement?" (alteration, internal quotation marks, and citation omitted)). Answering only the first question affirmatively, we reverse and remand with instructions to submit the case to arbitration.

**{5}     IT IS SO ORDERED.**

---

[1]*Green* was consolidated with *Bustamante v. St. Theresa Healthcare and Rehabilitation Center, LLC*, A-1-CA-39868, mem. op. (N.M. Ct. App. July 13, 2023) (nonprecedential).

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**KATHERINE A. WRAY, Judge**